## SNYDER v BERGER et

Ohio Appeals, 4th Dist, Pickaway Co

Decided Dec 11, 1931

C. A. Leist for next of kin.
Paul E. Adkins, George G. Adkins, Meeker Terwilliger, Circleville, for the city.

MAUCK, PJ.

We have recited a part of the history of the municipal legislation for the purpose of showing that the city proceeded with reasonable dispatch after the legislation was once begun and after it was learned that judicial construction of this item of the will could not at that time be had. Notwithstanding this, it is of course conceded that the testator had a right to impose any conditions upon his generosity that he desired, and if he did require that the hospital be completed by June 27, 1929, his devise for that purpose failed.

If the decedent purposed to impose as conditions precedent to this bequest the acquisition of the grounds and the erection, the equipment and the naming of the hospital, it is further clear that he might have done so in less equivocal language. He begins the ninth item with a direct bequest of the remainder of the cash in the hands of his trustee to the City of Circleville, not on conditions precedent thereafter stated but "for the purposes hereinafter stated". Following the quotation is a direction that the city shall within two years after the death of the widow take possession of grounds for hospital purposes and cause a hospital to be constructed and equipped. But the word "condition" and no language of like import is found in that or the succeeding sentence of item nine. The testator by a third long sentence in this item says that the council shall accept this bequest "upon the conditions herein named and after the council of said city of Circleville Ohio shall have accepted this bequest in the manner and condition herein named" the bequest is to be paid. While, therefore, testator might easily have provided that all these conditions be first performed by the city before the bequest became effective he did not make clear any such intention.

No presumptions are indulged by law to create conditions precedent in a will. The decedent knew that the charity contemplated by him, to be carried out in the way that he had in mind, would require much legislation affecting the rights and interests of many taxpayers; that it would involve considerable research and planning to determine upon the type and location of the hospital; that municipal legislation is apt to be subjected by various interests to a referendum, and that one and perhaps several questions might of necessity be submitted to popular vote. It will accordingly not be lightly assumed that he was making a mere gesture of benevolence to be withdrawn because the city officers proceeded with proper deliberation and care.

Testamentary provisions for charitable purposes ought to be and are liberally construed. **Zollman on Charities, § 642,** says:

"The division of conditions into conditions precedent and conditions subsequent is familiar. So is the rule that the latter are favored whenever there is any doubt. This rule applies with peculiar force to charitable trusts. The conditions which in the case of the ordinary trust will be held to be conditions precedent will, in the case of a charitable trust, be held to be conditions subsequent. The contemplated conveyance of the site to a third person, the acceptance of a township for a proposed library, or the raising of a fund in support of the charity contemplated by the donor have therefore been considered to create only conditions subsequent. The same is true in regard to various clauses by which the testator seeks to make it certain that his name will be included in the name of the proposed institution."

From the uncertain terms of the item under consideration, and under the rule laid down in the text quoted and the authorities found in that text supporting the same, we find that under the agreed state of facts the city as trustee is entitled to the benefits provided by the ninth item of the Berger will.

MIDDLETON and BLOSSER, JJ, concur.